**RECORD REVOLUTION NO. 6, INC., Plaintiff-Appellant,**

v.

**CITY OF PARMA, OHIO, et al., Defendants-Appellees.**

**Alexander J. LUKA, d/b/a Daystar Boutique, Plaintiff-Appellant,**

v.

**CITY OF LAKEWOOD, OHIO, et al., Defendants-Appellees.**

**Nos. 80–3308, 80–3352.**

United States Court of Appeals, Sixth Circuit.

June 10, 1983.

David C. Weiner and Eric H. Zagrans, Hahn, Loeser, Freedheim, Dean & Wellman, Cleveland, Ohio, Michael L. Pritzker, Chicago, Ill., for plaintiff-appellant in No. 80–3308.

William E. Blackie, Director of Law City of Lakewood, Lakewood, Ohio, for amicus curiae City of Lakewood.

Gordon J. Beggs, American Civil Liberties Union of Cleveland Foundation, Inc., Cleveland, Ohio, for amicus curiae ACLU of Cleveland.

Anthony Glassman, Beverly Hills, Cal., for amicus curiae Glassman & Browning, Inc., for appellant.

Andrew Boyko, Law Director, Stephen P. Bond, Parma, Ohio, for defendants-appellees in No. 80–3308.

Fred P. Schwartz, Armond D. Budisch, Cleveland, Ohio, for plaintiffs-appellants in both cases.

Before EDWARDS, Chief Judge, and MARTIN and JONES, Circuit Judges.

## ORDER

On April 22, 1983, the appellees filed a motion requesting this Court to dissolve the stay pending the resolution of the appeal in this case. That stay has been in effect since May 2, 1980.[1] In the interim, this Court has rendered two decisions declaring the subject ordinances unconstitutional. Both of those rulings have been vacated by the United States Supreme Court and the case remanded to this Court for further review. Most recently, on May 17, 1982, 456 U.S. 968, 102 S.Ct. 2227, 72 L.Ed.2d 840, the Supreme Court directed that this cause be given "further consideration in light of *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)."

The parties have submitted supplemental briefs on the applicability of *Hoffman Estates* to the Parma and Lakewood ordinances. The appellants have argued fairly persuasively that the ordinances are distinguishable and that the Supreme Court pronouncement is, therefore, not controlling. The appellees have argued, on the other hand, that "This Court is bound to follow that reasoning now, despite attempts to distinguish *Hoffman Estates* on its facts, no

---

1. The stay was initially instituted by order of a single Judge of this Court on May 2, 1980. Following oral arguments on the matter, the stay was extended by the full panel on May 14, 1980.

matter how misguided the Court may think it to be." (Appellees' Second Supplemental Brief at p. 14.) We reluctantly agree with the latter contention.

Since this Court issued its initial opinion in 1980, virtually every other challenge to the Model Act has proved unsuccessful.[2] The Supreme Court first reached the issue in *Hoffman Estates* and has since denied certiorari in at least two circuit court decisions upholding the Act.[3] Post-*Hoffman Estates* cases have almost uniformly concluded that, under the guidelines set out by the Supreme Court, a facial challenge to the constitutionality of ordinances patterned after the Model Act must fail. *See, e.g., New England Accessories Trade Association, Inc. v. Nashua,* 679 F.2d 1 (1st Cir. 1982); *Levas and Levas v. Village of Antioch,* 684 F.2d 446 (7th Cir.1982); *Kansas Retail Trade Cooperative v. Stephan,* 695 F.2d 1343 (10th Cir.1982). As much as this panel may prefer the reasoning and result we have twice employed and reached, respectively, the mandate of the Supreme Court is clear and we are compelled to abide by it.

Accordingly, we have determined that not only is the cities' motion to dissolve the long-standing stay well taken,[4] but the ruling of the district court must finally be affirmed. We reach this conclusion recognizing that we are faced solely with *pre-enforcement facial challenges* to the constitutionality of the Parma and Lakewood ordinances.[5] In addition, we are mindful of the carefully-drawn limitations which the district court placed upon the operations of

these statutes before determining that the end product was constitutional. These boundaries are not to be overstepped.

The appellees' motion to dissolve the stay pending appeal is thus mooted by this Court's overriding decision that the order of the district court must be, and is hereby, AFFIRMED.

**2.** *See, e.g., Tobacco Accessories & Novelty Craftsmen v. Treen,* 681 F.2d 378 (5th Cir. 1982); *Casbah, Inc. v. Thone,* 651 F.2d 551 (8th Cir.1981), *cert. denied,* 455 U.S. 1005, 102 S.Ct. 1642, 71 L.Ed.2d 874 (1982); *Hejira Corp. v. MacFarlane,* 660 F.2d 1356 (10th Cir.1981). *But see Record Head Corp. v. Sachen,* 682 F.2d 672 (7th Cir.1982).

**3.** *Casbah, Inc. v. Thone,* 651 F.2d 551 (8th Cir. 1981), *cert. denied,* 455 U.S. 1005, 102 S.Ct. 1642, 71 L.Ed.2d 874 (1983); *Florida Businessmen for Free Enterprise v. City of Homestead,*

679 F.2d 252 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983).

**4.** Obviously, given the ultimate result we reach today, the appellees' claim that the appellants no longer enjoy a continuing likelihood of success on the merits of this appeal is a persuasive one.

**5.** *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. at 503, 102 S.Ct. at 1195.