**PAPA NICK'S SPECIALTIES, INC., Plaintiff,**

v.

**Charles HARROD, et al., Defendants.**

**No. 89CV7626.**

United States District Court, N.D. Ohio, W.D.

Jan. 16, 1990.

Fritz Byers, Nathan & Roberts, Toledo, Ohio, for Papa Nick's Specialties, Inc.

Matt C. Staley, Robenalt, Rodabaugh and Staley, Lima, Ohio, for Charles Harrod.

David Allen Rodabaugh, Robenalt, Rodabaugh & Staley, Lima, Ohio, for Frank Catlett.

## MEMORANDUM AND ORDER

WALINSKI, Senior District Judge.

This matter is before the Court on plaintiff's motion for a preliminary injunction and defendants' opposition thereto. Oral arguments were presented to this Court on December 8, 1989. This Court has jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 2201. For the following reasons, the plaintiff's motion is granted in part and denied in part.

## FACTS

Plaintiff commenced this action to enjoin defendants from enforcing Ohio Revised Code § 2925.14(C)(2), a recently enacted drug paraphernalia statute. The plaintiff operates a retail establishment in Lima, Ohio in which is sold seasonal items, greeting cards and also assorted merchandise only available to those persons over eighteen years of age.

Defendants, through the Allen County Prosecutor's office informed plaintiff that after November 2, 1989, her establishment would be in violation of the drug paraphernalia law. On November 1, 1989 the defendants entered Papa Nick's and identified various items which they believed would be in violation of the statute. Plaintiff voluntarily removed the identified items and brought forth this action in which they seek to challenge the facial constitutionality of the statute. Further, they seek to enjoin enforcement of the statute as they have been threatened with prosecution.

This Court denied a motion for temporary restraining order on November 9, 1989 but heard arguments on the preliminary injunction and will address those arguments in this memoranda.

The purpose of a preliminary injunction is to preserve the status quo pending a final determination of the merits of the action. 7 Pt. 2 Moore's Federal Practice 65.04[1]. The Sixth Circuit has held that four factors must be balanced to determine if a preliminary injunction is warranted. *In re DeLorean Motor Co.*, 755 F.2d 1223 (6th Cir.1985). The factors to be considered are:

(1) the movant's likelihood of success on the merits; (2) the irreparable injury the movant will suffer if the preliminary injunction is not granted; (3) whether the preliminary injunction will harm other parties; and (4) whether the preliminary injunction is in the public interest.

*Id.* at 1228.

■ The injunctive remedy may also serve as a declaration of rights. 7 Pt. 2 Moore's Federal Practice 65.18[2]. When injunctive relief is sought as well as a declaratory judgment, the fact that injunctive relief is not appropriate under the circumstances does not justify dismissal of the action; the court must give independent consideration regarding declaration of rights and exercise its discretion according to the law. 6 A. Moore's Federal Practice 57.08[2]. This rule has often been invoked in actions challenging the constitutionality of state statutes and the Supreme Court has held that "Congress plainly intended declaratory relief to act as an alternative to the strong medicine of the injunction and to be utilized to test the constitutionality of state criminal statutes." *Id.* quoting *Steffel v. Thompson*, 415 U.S. 452, 466, 94 S.Ct. 1209, 1219, 39 L.Ed.2d 505 (1974).

■ At the outset of this action the Court was concerned with the appropriateness of abstention. The Supreme Court in *Steffel v. Thompson*, supra, held that declaratory relief is *not* precluded where no state prosecution is pending. Further, the court stated:

and the federal plaintiff demonstrates a genuine threat of enforcement of a disputed state criminal statute, whether an attack is made on the constitutionality of the statute on its face or as applied.

*Id.* 94 S.Ct. at 1223–24.

In the present action, Papa Nick's was admittedly threatened with criminal prosecution if they continued to sell what the defendants identified as drug paraphernalia as per O.R.C. § 2925.14. Defendants do

not allege nor present any evidence of a pending state proceeding. Therefore, the Court finds that abstention is not warranted.

■ Now the question presented centers on whether the statute, on its face is unconstitutional. Plaintiff asserts that § 2925.14(C)(2) contains impermissibly vague language. The provision holds that:

(2) No person shall knowingly sell, or possess or manufacture with purpose to sell, drug paraphernalia if he knows or reasonably should know that the equipment, product, or material will be used as drug paraphernalia.

It is the "reasonably should know" language to which plaintiff takes exception in that this allegedly imposes criminal liability under a negligence standard and denies defendants of due process, therefore asks this Court to find it unconstitutional. Plaintiff's Memo at p. 5. The defendant argues that the statute is modeled after the Model Drug Paraphernalia Act and that any challenge to it must fail. In the alternative defendants ask that if the "reason to know language" is deemed unconstitutional, then it be severed from the statute.

The Sixth Circuit in *Record Revolution No. 6, Inc. v. City of Parma,* 709 F.2d 534 (6th Cir.1983), affirmed the District Court's decision to sever "reason to know" language from a similar drug paraphernalia statute.[1] *See Record Revolution No. 6, Inc. v. City of Parma,* 492 F.Supp. 1157 (N.D.Ohio 1980). In affirming Judge Manos' decision the court said:

"we are mindful of the carefully drawn limitations which the district court placed upon the operations of these statutes before determining the *end product was*

constitutional. *These boundaries are not to be overstepped."*

*Record Revolution No. 6,* 709 F.2d at 536 (emphasis added).

■ In the same opinion the Court noted that it did consider *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982), but recognized that *Hoffman* prohibited against holding the entire provision unconstitutional.[2] *Id.* at 503, 102 S.Ct. at 1195.

O.R.C. § 2925.14 does not contain a severability clause, like the ordinance in *Record Revolution.* However, O.R.C. § 1.50 does provide that:

If any provisions of a section of the Revised Code or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or application of the section or related sections which can be given effect without the invalid provision, and to this end the provisions are severable.

Applied to O.R.C. § 2925.14(C)(2) this would permit the Court to invalidate the "reasonably should know" language as long as the remainder of the provision is able to be given effect. This Court finds that the statute, absent those three words is legally operative and stands on its own.

Therefore, this Court, in accordance with *Record Revolution* finds that the "reasonably should know" language is unconstitutional and should be stricken from the statute. Although no severability clause is attached to the statute, O.R.C. § 1.50 allows for severance as long as the remainder of the statute can still be given legal effect. The Court will therefore sever "reasonably should know" from O.R.C. § 2925.14(C)(2) and allow the remainder of

1. The ordinance in *Record Revolution No. 6,* supra, was based upon the Model Drug Paraphernalia Act. The provision which was altered by the court in that case read:

It is unlawful for any person to deliver, sell, possess with intent to deliver or sell, or manufacture with intent to deliver or sell, drug paraphernalia, knowing or under circumstances where one *reasonably should know,* that it will be used to plant, propogate....

The above underlined language was severed but the remainder of the statute was upheld. Plain-

tiff does not assert that O.R.C. § 2925.14 is modeled after the Model Act.

2. *Hoffman,* supra, dealt with a facial challenge to a drug paraphernalia licensing statute which required a business to obtain a license if it sold any items "designed or marketed for use with illegal cannabus or drugs." (quoting Village of Hoffman Estates Ordinance No. 969–1978). In that case appellee argued that the statute was unconstitutionally vague and overbroad.

the provision to stand. Further, injunctive relief is not necessary and therefore will be denied.

Accordingly, it is

ORDERED that plaintiff's motion for declaratory judgment is granted in part as to the "reasonably should know" language, but denied as to the entire statute.

FURTHER ORDERED that plaintiff's motion for injunctive relief is denied.