John WILSON, Plaintiff–Appellant,

v.

CITY OF ZANESVILLE, Jay Vinsel,
Charles Rush, Deke Miedel,
Defendants–Appellees.

No. 91–3464.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 12, 1991.

Decided Jan. 16, 1992.

Robert L. McCarty (argued and briefed),
Columbus, Ohio, for plaintiff-appellant.

Rufus B. Hurst, Jonathan J. Downes,
Downes & Hurst, Columbus, Ohio, for de-
fendants-appellees City of Zanesville, Jay
Vinsel and Charles Rush.

Jonathan J. Downes, Downes & Hurst,
Columbus, Ohio, Thomas Bopeley (argued
and briefed), Zanesville, Ohio, for defen-
dant-appellee Deke Miedel.

Before MARTIN and SUHRHEINRICH,
Circuit Judges, and PECK, Senior Circuit
Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

On September 20, 1989, Zanesville police officer Deke Miedel entered the Smokestack, a tobacco shop owned by John Wilson, and purchased two items from Wilson's employee. Miedel taped his conversation with the employee using a hidden pocket tape recorder. Following the purchase, Miedel and another officer, without a warrant, seized items valued at $850 including glass, ceramic, and brass pipes; wire screens; water pipes; and scales. The officers seized the items pursuant to Zanesville's Drug Paraphernalia Ordinance, Chapter 514. Wilson requested that the officers return the items but they refused, stating the items were subject to confiscation and forfeiture under the ordinance.

Wilson filed an action against the officers and Zanesville (1) challenging the constitutionality of the ordinance, (2) seeking money damages for the allegedly unlawful seizure of Wilson's property, and (3) seeking a restraining order prohibiting the city from enforcing the ordinance against Wilson's business. In preparation for trial, Wilson deposed Officer Miedel. During the deposition, Wilson requested production of the audio tape recorded at the store by the officer. Wilson was unsuccessful in his attempt to obtain the tape and filed a motion to compel production of the tape. The district court denied Wilson's motion, finding that he failed to meet the requirements of local court rules concerning compelled production.

In response to Wilson's suit, Zanesville filed a motion for summary judgment contending that there was no genuine issue of material fact because the ordinance was constitutional and because the seized items constituted drug paraphernalia as defined in the ordinance. The ordinance specifically provides for seizure and forfeiture of items "which are used, intended for use or designed for use" as drug paraphernalia. In response to Zanesville's motion, Wilson filed "Plaintiff's Answer Memo to Defendant's Motion for Summary Judgment," in which he argued that (1) the seizure took place on September 20, 1989, and the Zanesville ordinance did not become effective until November 1, 1989; (2) the officers lacked probable cause to seize the items; and (3) the intent of the seller of such items is dispositive in determining whether items fall within the reach of the ordinance. Wilson also argued that the officers seized his property in violation of his right to due process.

Relying on *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the district court granted Zanesville's motion for summary judgment. The court found that Wilson failed to meet his burden of proof because he submitted no evidence, beyond the pleadings, to establish a genuine issue of material fact concerning whether the items seized were drug paraphernalia subject to the ordinance. *See Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. The court further stated that because Wilson submitted no evidence to establish that the items were not drug paraphernalia, Wilson's claims of an unconstitutional seizure and forfeiture were moot because the ordinance authorizes seizure and forfeiture of drug paraphernalia. The court also dismissed Wilson's claims of embarrassment, humiliation, and emotional distress, finding that the officers were acting under the authority of the ordinance and therefore, Wilson's claims were unfounded.

On appeal, Wilson argues that the district court improperly granted summary judgment. Wilson claims that the court erred in its application of *Celotex* and that genuine issues of material fact exist. Wilson contends that the ordinance requires an examination of a seller's intent in order to determine whether items qualify as drug paraphernalia. Thus, under Wilson's analysis, by failing to offer proof of Wilson's intent, Zanesville did not meet its initial burden of proof. Wilson also argues that the officers lacked probable cause to seize the items and that the court erred in not granting Wilson's motion to compel production of the tape.

Zanesville argues that because Wilson failed to carry his burden of proof, we should uphold the grant of summary judgment. Under Fed.R.Civ.P. 56(c), a moving party always bears the burden of demon-

strating the absence of a genuine issue as to a material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Even though the Supreme Court has redefined the moving party's initial burden, *see, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electronic Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the requirement that the movant bears the initial burden has remained unaltered. *See Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553; *Street v. J.C. Bradford*, 886 F.2d 1472, 1479 (6th Cir. 1989). More importantly, for the purposes of the present case, the movant must always bear this initial burden, whether or not the adverse party responds according to the rules of civil procedure. *Adickes*, 398 U.S. at 161, 90 S.Ct. at 1610; *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir.1991); *Kendall v. Hoover Co.*, 751 F.2d 171, 173–74 (6th Cir.1984); *Felix v. Young*, 536 F.2d 1126, 1135 (6th Cir.1976). As the Supreme Court stated in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 319–20, 108 S.Ct. 2405, 2410, 101 L.Ed.2d 285 (1988), "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *See Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). At the very least, the court must examine the movant's motion for summary judgment to ensure that he has discharged that burden. *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir.1991). In this case, Zanesville did not successfully discharge its initial burden for two reasons. First, the items were seized without a warrant, raising a question of a violation of Wilson's right to due process. Second, in order to find a violation under the ordinance, an examination of Wilson's intent is required and such did not take place. We address the issues separately.

There is no question about the constitutionality of the Zanesville ordinance in light of our decision in *Record Revolution No. 6 v. City of Parma, Ohio*, 709 F.2d 534, 536 (6th Cir.1983) (ordinance regulating sale of drug paraphernalia found constitutional). The language of the Zanesville ordinance is almost identical to the Parma statute. *See also Hoffman Estates v. Flipside*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (ordinance regulating sale of items designed for, or marketed for use with illegal substances held not unconstitutionally vague or overbroad). Nonetheless, in reviewing the record we find it devoid of a basis for granting a motion for summary judgment in spite of Wilson's failure to submit additional evidence other than his pleadings. We review the grant of summary judgment de novo. *EEOC v. University of Detroit*, 904 F.2d 331, 334 (6th Cir. 1990). Under Fed.R.Civ.P. 56(c), summary judgment is proper "if pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)).

██ The record indicates that there are genuine issues of material fact concerning Wilson's allegation of a violation of his right to due process. Even under the terms of the ordinance, due process requires, at a minimum, a warrant. *See Coolidge v. New Hampshire*, 403 U.S. 443, 457, 91 S.Ct. 2022, 2033, 29 L.Ed.2d 564 (1971) (police may not seize property, remove it, and search it at their leisure without a warrant). Even where there is probable cause for a search and seizure, absent exigent circumstances, police must obtain a warrant. *Id.* at 464, 91 S.Ct. at 2037. It is well settled that the due process clause imposes constraints on governmental deprivation of individual property interests. *Chernin v. Welchans*, 844 F.2d 322, 325 (6th Cir.1988). The Fourteenth Amendment requires that if the government deprives an individual of life, liberty, or property, the deprivation be " 'preceded by no-

tice and opportunity for hearing appropriate to the case.' " *Id.* (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950)). In its motion for summary judgment, Zanesville admitted seizing Wilson's property without a warrant under the terms of the ordinance. Zanesville has not argued that there were exigent circumstances requiring a warrantless seizure. Under these facts, Zanesville's confiscation of Wilson's property without a warrant creates a genuine issue of material fact concerning Wilson's claim of a violation of his right to due process. Summary judgment, therefore, was improperly granted. *See Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Hudson v. Palmer,* 468 U.S. 517, 532, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984); *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 436, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982); *Huron Valley Hosp., Inc. v. City of Pontiac,* 887 F.2d 710, 714–15 (6th Cir.1989). *See also Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Mackey v. Montrym,* 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979).

■ Wilson argues that summary judgment was improper because Zanesville failed to prove that he intended the items to be sold as drug paraphernalia. In *Hoffman,* the Supreme Court found constitutional a statute that regulated the sale of "drug paraphernalia." The Supreme Court based its finding of constitutionality in part upon the existence of a scienter requirement in the statute. *Hoffman,* 455 U.S. at 502, 102 S.Ct. at 1195 (marketed-for-use standard requires scienter "since a retailer could scarcely 'market' items 'for' a particular use without intending that use"). Specifically, the Supreme Court found that the scienter requirement mitigated the elements of vagueness in the statute. *Id.* at 499, 102 S.Ct. at 1193. As in the case of *Hoffman,* Zanesville's ordinance prohibits the sale of items "which are used, intended for use or designed for use" as drug paraphernalia. Thus, in light of *Hoffman,* we hold that in order to find that items are drug paraphernalia subject to confiscation under Zanesville's ordinance, there must be

evidence of the seller's intent. Zanesville offered no such evidence in its motion for summary judgment. In the present case, the question of Wilson's intent is also a genuine issue of material fact that further supports our finding that summary judgment was improperly granted.

■ We find that the court also improperly denied Wilson's motion to compel discovery. The district court based its denial on Wilson's failure to adhere to local court rules concerning discovery motions. Those rules require that a party filing a motion to compel discovery exhaust all extra-judicial means to resolve the discovery dispute prior to filing the motion. The rules also require that when filing a motion to compel, the moving party must include an affidavit stating what extra-judicial means were utilized. Wilson failed to file the required affidavit with his motion to compel. As we held in *Carver v. Bunch,* however, local rules may not displace the Federal Rules of Civil Procedure. 946 F.2d 451, 453 (6th Cir.1991) (Fed.R.Civ.P. 83 authorizes district courts to adopt local court rules but these rules cannot conflict with the Federal Rules of Civil Procedure, citing *Tiedel v. Northwestern Michigan College,* 865 F.2d 88, 91 (6th Cir.1988)).

Fed.R.Civ.P. 26(b)(1) states that:

[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, conditions and location of any books, documents, or other tangible things.

Fed.R.Civ.P. 34(a)(1) states that any party may serve on any other party, a request to:

produce and permit the party making the request . . . to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained . . .), or to inspect and copy, test, or sample any tangible things which con-

stitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon who the request is served....

Under Rules 26(b)(1) and 34(a)(1), there is no doubt that Zanesville should have granted Wilson's request for the taped recording. Wilson needed to go no further than his initial request for the taped recording. When Zanesville failed to produce the taped recording, Rules 26(b)(1) and 34(a)(1) clearly indicate that the court should have granted Wilson's motion to compel discovery. In this situation, the dictates of the Federal Rules of Civil Procedure clearly superceded the requirements of the local court rules. The court erred in denying Wilson's motion to compel discovery based on his failure to adhere to local court rules in a situation clearly governed by the Federal Rules.

For the foregoing reasons, we reverse the judgment of the district court and remand for proceedings consistent with this opinion.