991 F.2d 798
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John WILSON, Plaintiff-Appellant,
v.
CITY OF ZANESVILLE, Jay Vinsel, Charles Rush, and Deke
Miedel, Defendants-Appellees.
 No. 92-3764.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1993.
 
 Before MARTIN and SUHRHEINRICH, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 John Wilson appeals from the district court's grant of summary judgment on remand from this court. Wilson had challenged the Zanesville police department's seizure of property owned by him pursuant to a municipal drug paraphernalia ordinance, arguing that the seizure deprived him of property without due process of law. The district court dismissed the action, finding that the individual defendants were protected by the doctrine of qualified immunity. We affirm.
 
 
 2
 On September 20, 1989, Zanesville police officer Deke Miedel entered the Smokestack, a tobacco shop owned by John Wilson, and purchased two items from Wilson's employee. Miedel taped his conversation with the employee with a hidden pocket tape recorder. Following the purchase, Miedel and another officer seized, without a warrant, items valued at $850, including glass, ceramic, and brass pipes; wire screens; water pipes; and scales. The officers seized the items pursuant to Zanesville's Drug Paraphernalia Ordinance, Chapter 514. Wilson requested that the officers return the items. The officers refused, stating that the items were subject to confiscation and forfeiture under the ordinance.
 
 
 3
 Wilson filed an action against Zanesville and the officers, claiming that the officers deprived him of due process of law by seizing the items without a warrant. The defendants filed a motion for summary judgment in which they argued that their actions were protected by the doctrine of qualified immunity. The district court agreed and granted the motion for summary judgment. Wilson now appeals.
 
 
 4
 We review a district court's grant of summary judgment de novo. Brooks v. American Broadcasting Cos., Inc., 932 F.2d 495, 500 (6th Cir.1991). Under FED.R.CIV.P. 56(c), the district court must grant summary judgment "if pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). We view all evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Nonetheless, the mere existence of a scintilla of evidence in support of a non-movant's claim is insufficient to overcome a motion for summary judgment. Id. at 252.
 
 
 5
 Whether a government official is entitled to the defense of qualified immunity is a question of law. Garvie v. Jackson, 845 F.2d 647, 649 (6th Cir.1988). "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Therefore, "whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the objective legal reasonableness of the action assessed in light of the legal rules that were clearly established at the time it was taken." Anderson v. Creighton, 483 U.S. 639 (1987) (citations omitted). To determine whether a right is clearly established at the time of the allegedly unlawful action requires examination of federal constitutional, statutory, or case law existing at that time. Dominique v. Telb, 831 F.2d 673 (6th Cir.1987).
 
 
 6
 "There is no question about the constitutionality of the Zanesville ordinance in light of our decision in Record Revolution No. 6 v. City of Parma, 709 F.2d 534, 536 (6th Cir.1983)." Wilson v. City of Zanesville, 954 F.2d 349, 351 (1992). Moreover, "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and [the Supreme Court has] indicated that in such cases those officials--like other officials who act in ways they reasonably believe to be lawful--should not be held personally liable. Anderson, 483 U.S. at 641. Therefore, if the officers acted reasonably in light of the Zanesville ordinance, they are entitled to the defense of qualified immunity, even if a warrant was otherwise required. See id.
 
 
 7
 The Zanesville ordinance provides, in pertinent part, "Any drug paraphernalia used in violation of this section [Chapter 514] shall be seized and forfeited to the Municipality." In this case, Wilson has failed to prove that the officers acted unreasonably in exercising their authority to seize drug paraphernalia under the ordinance. Therefore, the district court correctly granted summary judgment to the officers on the basis of qualified immunity, and as such, no claim remains against the city.
 
 
 8
 Judgment affirmed.