19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin LOVEJOY, Plaintiff-Appellant,
v.
Donald OWENS, Mayor, et al., Defendants-Appellees.
 No. 92-4207.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1994.
 
 Before: JONES, BOGGS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Marvin Lovejoy, a pro se federal prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Lovejoy sued the mayor of Toledo, the chief of police and two unidentified police officers, alleging that the defendants violated his Fifth, Eighth, and Fourteenth Amendment rights when two officers shot him without provocation and thereafter provided him with inadequate medical care. The district court dismissed the mayor and the chief of police because they were sued in their supervisory roles, and ordered the plaintiff to file an amended complaint identifying the remaining defendants. Thereafter, Lovejoy filed a complaint identifying defendants Rankin and Baker as the two officers involved in the shooting. The officers filed a motion for summary judgment to which Lovejoy did not respond. Thereafter, the district court, relying on Fed.R.Civ.P. 41(b) and Local Civil Rule 8:8.1(j), granted the defendants' motion because Lovejoy did not file a response. Lovejoy has filed a timely appeal.
 
 
 3
 Upon review, we vacate the district court's judgment granting summary judgment to the defendants and remand for further proceedings. The district court granted summary judgment to the defendants, in part, because Lovejoy did not file a response to the defendants' motion for summary judgment. The court concluded that Lovejoy had not complied with Fed.R.Civ.P. 56(e), nor with Local Civil Rule 8:8.1(j), which required Lovejoy to file such a response within ten days after service of the defendants' motion. The district court also relied on Fed.R.Civ.P. 41(b), which permits a district court to dismiss a complaint for failure to prosecute.
 
 
 4
 The district court improperly granted summary judgment in this case. A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. See Carver v. Bunch, 946 F.2d 451, 455 (6th Cir.1991). Here, the district court noted that Lovejoy did not file a response to the defendants' motion for summary judgment. Thus, the district court's judgment is improper to the extent that it grants summary judgment for the defendants because of Lovejoy's failure to file a response.
 
 
 5
 Dismissal was also inappropriate under Fed.R.Civ.P. 41(b). A district court may dismiss a case under Fed.R.Civ.P. 41(b) only in extreme situations reflecting "a clear record of delay or contumacious conduct by the plaintiff." Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980) (per curiam) (quoting Silas v. Sears, Roebuck & Co., 586 F.2d 382, 385 (5th Cir.1978)). In determining whether a district court has abused its discretion, the reviewing court should consider: "1) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; 2) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 3) whether less drastic sanctions were imposed or considered before dismissal was ordered." Taylor v. Medtronics, Inc., 861 F.2d 980, 986-87 (6th Cir.1988) (quoting Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir.1988)). Another line of cases instructs that it would be helpful to consider: 1) whether the plaintiff's claim was vexatious or fictitious; 2) whether the length of the delay indicates a desire not to prosecute; and 3) whether and to what extent the party, rather than counsel, was responsible for the delay. See Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986) (citing Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir.1985) (per curiam)).
 
 
 6
 Dismissal was inappropriate under the first line of cases. The defendants have not been prejudiced in any respect by Lovejoy's failure to file a response to their motion for summary judgment. Further, Lovejoy was not warned that his failure to file a response could result in the dismissal of his lawsuit. This lack of a pre-dismissal warning is pivotal to the determination of willfulness. See Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988). Further, there is no evidence that the district court considered less drastic sanctions before dismissal was ordered.
 
 
 7
 Under the second line of cases, it does not appear that Lovejoy's claim is vexatious or fictitious. In a verified complaint he alleged that two men, whom he did not know, began chasing him and shooting at him without provocation. However, the defendants averred that they were on patrol and in uniform when they began following Lovejoy and that they fired at him because he pointed a gun in their direction. Because the parties appear to have a genuine dispute regarding the material facts of the case, Lovejoy's claims are not vexatious or fictitious. In addition, Lovejoy filed a petition for habeas corpus ad testificandum, indicating his desire to proceed with this action.
 
 
 8
 Finally, dismissal was also improper to the extent that the district court relied on Local Civil Rule 8:8.1(j). Local rules may not displace or conflict with the Federal Rules of Civil Procedure. Wilson v. City of Zanesville, 954 F.2d 349, 352 (6th Cir.1992); Carver, 946 F.2d at 453.
 
 
 9
 Accordingly, we hereby vacate the district court's judgment and remand for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.