70 F.3d 115
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ESSEX INSURANCE COMPANY, Plaintiff-Appellee,
v.
L.L. MERRILL, Defendant-Appellant.
 Nos. 94-5251, 94-6167.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1995.
 
 BEFORE: MARTIN, SUHRHEINRICH,* Circuit Judges, and CHURCHILL,** Senior District Judge.
 PER CURIAM.
 
 
 1
 L.L. Merrill appeals the district court's award of summary judgment in favor of the plaintiff, Essex Insurance Company. Merrill argues that: 1) the district court incorrectly applied District Court Local Rule 10(a) in denying Merrill's motion for an extension of time to respond to the plaintiff's summary judgment motion; 2) the district court erred in relying on information not properly before the court when awarding summary judgment in favor of Essex; and 3) the district court abused its discretion in denying Merrill's motion to vacate the award of summary judgment under Rule 60(b) of the Federal Rules of Civil Procedure.
 
 
 2
 On March 5, 1992, Merrill executed an application for an insurance policy with Essex to insure six buildings located at the corner of Airways Boulevard and Pecan Circle in Memphis, Tennessee. The application, in part, sought information regarding Merrill's past insurance coverage, including whether Merrill had any prior policy cancellations or nonrenewals within the last three years and whether Merrill had filed a claim for losses in the last five years. Merrill's application contained negative responses to these questions. Ultimately, Essex issued a standard fire insurance policy to Merrill on the property at issue.
 
 
 3
 Two separate fires on May 9 and May 15 destroyed three of the insured buildings. Merrill filed claims for the losses with Essex. While investigating Merrill's claims, Essex discovered that the property had been subject to a prior policy cancellation, and that Merrill had made prior claims for losses on another property. Essex denied Merrill's claims and filed a declaratory judgment action in district court on October 26, 1992, alleging that Merrill's misrepresentations voided the insurance policy at its inception.
 
 
 4
 Merrill answered the complaint and asserted a counter-claim against Essex for recovery under the policy due to the fire losses of May 9 and May 15. Merrill's answer included several allegations that he in fact told the Essex agents of the prior policy cancellation on the property and that the agents' negligence contributed to any misrepresentations on his insurance application. The answer also stated that Essex's agents actually filled out Merrill's insurance application, and that Merrill's signature was the only part of the application that he filled out.
 
 
 5
 On November 30, 1993, Essex filed a motion for summary judgment and a motion for leave to file an amended complaint. The motion for summary judgment was accompanied by the affidavit of Raymond A. Johnson, Property Vice-President of Essex Insurance Company. Johnson averred that the facts of prior losses and cancellations materially increased the risk associated with issuing a policy and that the company would not have issued the policy if these facts had been known.
 
 
 6
 Also submitted in support of the motion for summary judgment was Merrill's sworn deposition testimony. Essex designated the page and line numbers of the deposition that supported its claim that Merrill misrepresented several facts in his application. On that same day, both parties also stipulated to an extension in the discovery period until January 15, 1994.
 
 
 7
 On January 11, 1994, forty-two calendar days after receiving service of Essex's summary judgment motion, Merrill filed a motion for an extension of time to respond to Essex's motion.
 
 
 8
 On January 14, the district court denied Merrill's motion for an extension of time because it was untimely, noting that its own local rules required a response to the summary judgment motion within thirty days. On the same day, the district court awarded summary judgment in favor of Essex, holding that the inaccuracies in Merrill's application for insurance were material misrepresentations which, under the insurance contract itself and Tennessee statutory law, rendered the insurance policy void at its inception. The court did not rule on the motion to file an amended complaint.
 
 
 9
 Merrill filed an appeal of the award of summary judgment to this court on February 11, 1994. On February 14, Merrill filed with the district court a motion for relief pursuant to Rule 60(b), Fed.R.Civ.P., from the district court's orders of January 14. He also filed a response to the already ruled upon motion for summary judgment.
 
 
 10
 On August 9, pursuant to Sixth Circuit precedent, the district court indicated that it would be inclined to deny Merrill's motion for relief if it had jurisdiction to consider the motion. See Lewis v. Alexander, 987 F.2d 392 (6th Cir.1993). Merrill filed an appeal from the August 9 order on September 1. Both appeals were consolidated and submitted for briefing and argument in this court.
 
 
 11
 We review the district court's grant of summary judgment de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991), cert. denied, 114 S.Ct. 609 (1993). To succeed on a motion for summary judgment, the moving party must establish that there is no genuine issue of material fact as to each element of its claim and that it is entitled to judgment as a matter of law. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir.1989). The movant has the burden of showing that there is a lack of evidence to support the nonmoving party's case. Fifth Third Bank, N.A. v. Dziersk, 12 F.3d 600, 603 (6th Cir.1993) (citation omitted). The moving party must always satisfy this initial burden, whether or not the nonmoving party responds. Wilson v. City of Zanesville, 954 F.2d 349, 351 (6th Cir.1992) (citations omitted). If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to present "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 12
 Here we believe the district court was correct in concluding that Essex satisfied its initial burden of showing that it was entitled to judgment as a matter of law. Relying on Tennessee law, the district court held that the misrepresentations on Merrill's insurance application were material and that the insurance policy was void at its inception. See Tenn.Code Ann. Sec. 56-7-103. The district court concluded that, because these material misrepresentations increased Essex's risk of loss in underwriting Merrill's property (thereby voiding the insurance policy), Essex was entitled to summary judgment on the issue of its liability under the policy.
 
 
 13
 Merrill argues that the district court should have addressed the fact that he claimed to have told Essex's agents of his prior insurance cancellation. He argues that material questions of Tennessee agency and estoppel law are raised. See Tenn.Code Ann. Sec. 56-6-147 (creating an agency relationship between an insurer and its representative); Bill Brown Construction Co., Inc. v. The Glens Falls Ins. Co., 818 S.W.2d 1, 5 (Tenn.1991) (holding that "if notice be duly given to the [insurance] company or its agent of the increased risk and no objection is made, the company will be estopped to insist upon a forfeiture of the policy").
 
 
 14
 We decline to address this issue, however, because it was not properly presented to the district court. Rule 56(e), Fed.R.Civ.P., requires the nonmoving party to "by affidavits or as otherwise provided in this rule, ... set forth specific facts showing there is a genuine issue for trial" (emphasis added). As the Supreme Court stated in Celotex, the nonmoving party must "designate" such specific facts. 477 U.S. at 324. See also Interroyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989), cert. denied, 494 U.S. 1091 (1990) ("the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the nonmoving party relies.").
 
 
 15
 Merrill's argument here is similar to the argument made in Guarino v. Brookfield Township Trustees, 980 F.2d 399 (6th Cir.1992). There the appellant failed to respond to a properly supported motion for summary judgment. On appeal the appellant argued that within the volumes of documents presented by the movant, evidence of a factual issue could be found. The appellant argued that the existence of a genuine issue of material fact was "inherent" in the movant's documents and that it would have been "unquestionably evident" that genuine issues existed had the district court reviewed the entirety of all the depositions presented. Id. at 403.
 
 
 16
 The attempt to impose upon the court the duty to wade through the record for specific facts that were not designated by the nonmoving party was not well received. We held there and we reiterate here that "[t]his Court will not entertain on appeal factual recitations not presented to the district court any more readily than it will entertain attempts to enlarge the record itself." Id. at 404.
 
 
 17
 Essex met its burden as the party moving for summary judgment and the burden then shifted to Merrill to demonstrate that a genuine issue of material fact existed. The only suggestion that there might be a factual dispute concerning an estoppel theory is found in Merrill's statement of affirmative defenses. An allegation in an affirmative defense, however, is insufficient to demonstrate a genuine issue of material fact: "an adverse party may not rest upon the mere allegations or denials of [its own] pleading." Rule 56(e).
 
 
 18
 There is no merit in Merrill's additional argument that the district court relied on improper evidence. The district court's award of summary judgment was proper.
 
 
 19
 We find no abuse of discretion in the district court's decision to deny the motion for extension of time. First, the motion was presented well past the time scheduled for a response to the motion. Second, the motion was not accompanied by an affidavit which stated the facts Merrill expected continued discovery to reveal in support of his theory of the case. In Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir.1989), we held that it was the plaintiff's burden under Rule 56(f) to demonstrate to the district court by affidavit how postponement of a ruling on the motion would enable him to rebut the movant's showing of the absence of a genuine issue of fact. In the absence of a proper Rule 56(f) affidavit, we find that the court did not abuse its discretion in denying the motion for an extension of time.
 
 
 20
 Finally, we reject Merrill's attempt to cast the granting of summary judgment as a grant of a judgment by default for determining whether the district court abused its discretion in denying the motion brought pursuant to Rule 60(b)(1). We find no abuse of discretion in the court's denial of the Rule 60(b)(1) motion.
 
 
 21
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Judge Suhrheinrich did not participate in oral argument but participated in the decision after hearing oral argument tapes
 
 
 **
 The Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation