107 F.3d 872
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William H. WALKER, Plaintiff-Appellant,
v.
James RUSSELL; Jerry Hofbauer; S. Lay; Kaurf, Sgt.,
Defendants-Appellees.
 No. 95-2130.
 United States Court of Appeals, Sixth Circuit.
 Feb. 06, 1997.
 
 Before: CONTIE, RYAN, and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 William H. Walker appeals a district court order granting summary judgment for the defendants in Walker's civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive and monetary relief, Walker sued several Michigan correctional employees in their individual capacity, alleging that they conducted a "shake-down" of his cell and destroyed his legal documents in retaliation for his filing grievances and lawsuits against them. Defendants Hofbauer and Lay subsequently moved for summary judgment. The magistrate judge recommended that Hofbauer's motion for summary judgment be granted, but that Lay's motion be denied. After the defendants and Walker filed objections to the magistrate judge's report, the district court adopted the magistrate judge's recommendation as to defendant Hofbauer and granted summary judgment for him. The court also granted summary judgment for defendant Lay because Walker had not filed a responsive pleading to the defendants' motion for summary judgment. Lastly, the court noted that the remaining defendants, Russell and Kaurf, had never been served with the complaint and, therefore, the court dismissed the case in its entirety. Walker has filed a timely appeal, in which he requests the appointment of counsel.
 
 
 3
 Upon review, we conclude that the district court properly granted summary judgment for the defendants. This court gives de novo review to a district court's grant of summary judgment. Moore v. Phillip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993). Summary judgment is proper if the pleadings and affidavits demonstrate that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of its complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).
 
 
 4
 Initially, we note that Walker does not challenge on appeal the district court's dismissal of defendants Russell and Kaurf because they were not served with the complaint. Consequently, any challenge to their dismissal is considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). The district court improperly granted summary judgment for defendant Lay on the ground that Walker had not responded to the motion for summary judgment. The court concluded that, since Walker did not file a response, he had abandoned his case. However, a district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir.1991). Instead, the court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged his initial burden under Fed.R.Civ.P. 56, Wilson v. City of Zanesville, 954 F.2d 349, 351 (6th Cir.1992); Carver, 946 F.2d at 455, and the movant always bears this initial burden, regardless of whether the adverse party files a response to the summary judgment motion. Wilson, 954 F.2d at 351; Carver, 946 F.2d at 454-55. Consequently, the district court improperly granted summary judgment for defendant Lay without first determining that he had met his burden under Rule 56. Nonetheless, we affirm the district court's judgment for reasons not considered by that court. Allen v. Diebold, Inc., 33 F.3d 674, 676 (6th Cir.1994).
 
 
 5
 Defendant Lay is entitled to summary judgment on the merits of Walker's claim. Walker contends that Lay, along with defendant Russell, ransacked his cell and destroyed his legal papers in retaliation for Walker filing grievances and lawsuits against them. Government officials may not retaliate against persons who have participated in constitutionally protected conduct, see Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 286-87 (1977), and prisoners retain those constitutional rights which are not inconsistent with their status as prisoners or with the legitimate penological objectives of the corrections system. Wolfel v. Bates, 707 F.2d 932, 933 (6th Cir.1983) (per curiam). Walker alleges that Lay retaliated against him for exercising his rights under the grievance system. In order to prevail on this claim, Walker must establish that Lay's actions constitute the "egregious abuse of governmental power" or that such actions otherwise shock the conscience. See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Moreover, Walker must show that the allegedly retaliatory action would not have been taken but for the exercise of his rights. See Newsom v. Norris, 888 F.2d 371, 377 (6th Cir.1989).
 
 
 6
 Lay met his initial burden of proof by showing an absence of evidence to support Walker's claim. Lay averred that Walker's claims were fictitious and that he did not enter Walker's cell nor destroy his legal work. In the face of this evidence, Walker was required to present significant probative evidence in order to defeat Lay's well-supported motion for summary judgment. Anderson, 477 U.S. at 248-49. As Walker signed his complaint under penalty of perjury pursuant to 28 U.S.C. § 1746, the facts averred to in the complaint have the same force and effect as an affidavit for purposes of responding to a motion for summary judgment. Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993); Williams v. Browman, 981 F.2d 901, 905 (6th Cir.1992) (per curiam). Walker avers in his complaint that Lay entered his cell when Walker was not present and proceeded to ransack the cell and destroy Walker's legal papers. Afterwards, Lay informed Walker that the action was taken in response to grievances and lawsuits filed by Walker. Even if Walker's version of events is accepted, he has not established that Lay's actions constitute the egregious abuse of governmental power or that such actions otherwise shock the conscience, Cale, 861 F.2d at 949-50, because Walker has not shown that Lay's conduct posed the danger of a further loss of liberty. At most, Lay's conduct constituted petty harassment and a person does not suffer a constitutional deprivation every time he is subject to the petty harassment of a state agent. See Vasquez v. City of Hamtramck, 757 F.2d 771, 773 (6th Cir.1985).
 
 
 7
 The district court properly granted summary judgment for defendant Hofbauer. Walker alleges that he complained to Hofbauer, the warden of the State Prison of Southern Michigan, concerning the other defendants' treatment of him. The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability to supervisory personnel and Walker has not demonstrated a genuine issue of material fact showing that Hofbauer condoned, encouraged, or knowingly acquiesced in the alleged misconduct. Taylor v. Michigan Dep't of Corrections, 69 F.3d 76, 80-81 (1995).
 
 
 8
 Accordingly; this court denies Walker's request for counsel and affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.