Wallace Logan and James M. Holmes were injured in a fire which occurred in an apartment which they rented from Buettner. Terry Chambers, a visitor in the apartment at the time of the fire, died as a result of the fire. Chambers' widow brought an action for wrongful death against Buettner and the Utility Board of the City of Cullman. At the conclusion of the Chambers
case, the trial court granted the defendants' motion for directed verdict. Mrs. Chambers appealed and this court affirmed the trial court in Chambers v. Buettner, 295 Ala. 8,321 So.2d 650 (1975).
Logan and Holmes filed separate suits against the same defendants and made the same allegations of negligence as were made in the Chambers case. The defendants filed motion for summary judgment and, in support thereof, filed the transcript of the evidence in the Chambers case. The plaintiffs' counsel filed an affidavit in opposition to the motion which stated, in essence, that the evidence in the Logan and Holmes cases may or may not be the same as was presented in the Chambers case. The trial court then granted the motion for summary judgment and, in its order, noted that:
 "It is the opinion of the Court that the facts before this Court are identical with the facts in Case No. 13683 [Chambers] and the Court has before it no evidence to indicate that there is or will be any genuine issue as to any material fact that will differ from Case No. 13683."
Logan and Holmes appealed from this judgment. We reverse and remand.
In affirming the directed verdict in favor of the Utility Board in Chambers, this court held that there was no evidence that the Board had actual knowledge of any defect or insufficiency in the electrical system in the Buettner building, and liability was held to be predicated upon actual knowledge of a defect. As to Buettner, we held:
 "The general rule of law with respect to guests of tenants is well settled. The landlord, in the absence of a covenant to repair, is liable only for latent defects, known to him at the time of the leasing, and which are concealed from the tenant. . . . There was no proof in this case either that Buettner had agreed to make any needed repairs to the premises, a part of which were rented to Chambers' hosts on the fateful occasion, or that Buettner knew of and concealed any latent defect in the premises relating to the electrical system." (321 So.2d at 653)
Chambers also contended that she was entitled to have her case submitted to the jury on the theory that Buettner retained control of the conduit which caused the fire, because it was not sufficiently grounded. In affirming the trial court's directing of the verdict on this theory, we said:
 "The two principal reasons the theory advanced by Chambers, last referred to, will not operate under the rule set out in the Restatement to permit a jury to pass on the liability of Buettner to Chambers are:
 (A) There was no evidence that Buettner retained control over that portion of the premises where the conduit was located that may have been insufficiently grounded. (B) There was no evidence that Buettner could have discovered the condition and the risk involved. As to B some evidence would be necessary which showed at least a rudimentary knowledge on the part of Buettner of proper methods of electrical wiring systems, grounding etc. so that any discoverable condition that existed would have alerted him to a risk of physical harm to anyone lawfully on the premises." (321 So.2d at 654)
It is clear that the affirmance of Chambers was grounded on the failure of proof as to actual knowledge on the part of the Utility Board and the absence of any evidence that Buettner had knowledge of any defect in the premises, or that he retained control over the portion of the premises upon which the conduit was located, and no *Page 354 
evidence that he could have discovered the condition of the conduit and the risks involved.
However, the failure of proof in Chambers does not require the conclusion that Logan and Holmes will also be unable to supply such evidence.
On a motion for summary judgment, the moving party has the burden of establishing the nonexistence of any genuine issue of material facts, therefore entitling him to judgment as a matter of law. Ray v. Midfield Park, Inc., 293 Ala. 609, 308 So.2d 686
(1975). Until that burden is discharged, the non-moving party is under no obligation to come forward with anything. To discharge the burden which the law places on him, which is admittedly quite strict, the moving party must affirmatively show that the evidence on which the plaintiffs rely in this case is the same as the evidence offered by the plaintiff in the Chambers case. Stated differently, the defendants, on motion for summary judgment, must demonstrate that, if the case goes to trial, there will be no competent evidence to support a judgment in favor of the plaintiffs, and that a trial is, therefore, useless. Wright Miller, Federal Practice and Procedure: Civil § 2727. The movants here have not carried this burden.
The trial court correctly granted the defendants' motion for directed verdict in Chambers, because the plaintiff failed to establish by some evidence certain essential elements of the theories of recovery relied on. There is nothing in the record before us to indicate that these plaintiffs will also be unable to prove these elements, and they are not required to show that they will be able to do so to defeat a motion for summary judgment. To the contrary, the movant for summary judgment must carry the burden of showing that he is entitled to judgment as a matter of law, and he does this by showing that there is no genuine issue of a material fact left in the case. True, the theories of the plaintiffs' cases here are the same as inChambers, but that does not mean that the proof offered in support of those theories will be identical to the proof offered by Chambers. When the motion for summary judgment was filed, the plaintiffs had alleged negligence on the part of the Utility Board and their landlord, resulting in injury to them. The defendants cannot establish the absence of a genuine issue of fact by relying on the evidence offered in another case, without also affirmatively showing that the evidence which will be offered in this case is necessarily identical.
It is true, as the Utility Board and Buettner contend, that one of the tests for determining whether the moving party has satisfied his burden on summary judgment motion, is to determine whether a motion for directed verdict would be properly granted on the same evidence. Moore, Federal Practice, ¶ 56.15[3]. But this rule, too, contemplates that the exact evidence is being considered. Obviously, if the plaintiffs in this case offer the same evidence as Chambers offered, the defendants will be entitled to a directed verdict. However, we cannot assume that they will offer only that evidence which was offered by Chambers. The proof which Chambers failed to put forward may be difficult to supply, but these plaintiffs are entitled to try to supply it, and they are not required to produce it to defeat a motion for summary judgment.
Nor are they bound by the evidence offered by Chambers in an entirely separate lawsuit. Even in retrials of the same lawsuit, a party is not bound by the testimony of his own witnesses offered at a former trial, and if contradictory or inconsistent testimony is offered on a second trial, he need not explain the testimony of his witnesses at the former trial.Louisville Nashville Railroad Co. v. Johns, 267 Ala. 261,101 So.2d 265 (1958).
The defendants having failed to carry the burden of establishing that no genuine issue of material fact exists, it follows that the trial court erred in granting their motion for summary judgment. The judgment is, accordingly, reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER and BEATTY, JJ., concur. *Page 355