■ NANCY BURTON, Appellant, v JEANNE ERTEL, Defendant, and ROBERT F. SIMONS, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Third-Party Defendant. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered March 15, 1984 in Albany County, which denied plaintiff's motion for summary judgment against defendant Robert F. Simons, Inc.

In this action, plaintiff seeks to recover for damages allegedly sustained as the result of an abrasive paint-removing process used on the property of a neighbor. According to the affidavit submitted by plaintiff's attorney, an examination before trial was conducted at which a representative of defendant Robert F. Simons, Inc. (Simons) indicated that the work which is the subject of this action was performed by its subcontractor, third-party defendant Dav-Co Enterprises, Inc. (Dav-Co), and that "the damage done to the plaintiff's building was as a result of Dav-Co's failure to follow the express directions of [Simons]". Further, the representative of Simons indicated that there was a written agreement between Dav-Co and Simons as to the work to be done.

Subsequently, plaintiff served a notice of discovery and inspection seeking, *inter alia,* discovery and inspection of the above-referenced agreement. Simons did not comply with this notice and plaintiff moved for a preclusion order. By order dated December 16, 1983, Special Term ordered that Simons: "be precluded from offering testimony of the details demanded but not given unless it serves on the plaintiff within 20 days of the date of service of this order with notice of entry a proper response to the demand for discovery and inspection." Admittedly, this conditional order was not complied with and, thus, it became final on or about January 15, 1984. Thereafter, plaintiff moved for summary judgment against Simons based solely upon the preclusion order. Special Term, without written opinion, denied the motion and the instant appeal ensued.

Initially, we note that, contrary to Simons' suggestion, the preclusion order prohibits Simons from entering into evidence any matter that was the subject of the discovery and inspection demand (see CPLR 3126; Siegel, NY Prac, § 367, pp 462-465).

The record contains no evidence to support Simons' contention that its failure to comply with the order of preclusion was excused by Special Term. Moreover, this is not an appeal from the preclusion order.

Nevertheless, plaintiff is not entitled to summary judgment. It is well established that one moving for summary judgment has the burden to set forth evidentiary facts sufficient to entitle that party to judgment as a matter of law, whereupon the burden is shifted to the opposing party to come forward with proof in evidentiary form to demonstrate the existence of issues of fact (*Piccolo v De Carlo,* 90 AD2d 609, 610; see, also, CPLR 3212, subd [b]). Accordingly, if plaintiff's papers are insufficient, summary judgment must be denied (see *Morgan v Springer,* 12 AD2d 626). In the present case, plaintiff failed to sustain its burden and, therefore, Special Term correctly denied the summary judgment motion.

The only affidavits submitted in support of plaintiff's motion were of plaintiff's attorney. Said affidavits contain no assertion of personal knowledge and, in fact, fail to discuss the actual merits of the complaint. Rather, the ground urged for summary judgment is that the preclusion order prohibits Simons from entering into evidence an agreement it had with Dav-Co, its subcontractor. This fact is not dispositive of the cause of action asserted against Simons. The order must, therefore, be affirmed.

Order affirmed, with costs. Kane, J. P., Main, Casey and Weiss, JJ., concur.