■ MARIA T. PASTORIZA, Individually and as Administratrix of the Estate of TOMAS PASTORIZA, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 67977.) — Order of the Court of Claims (Amann, J.), entered March 28, 1984, which denied defendant New York State's cross motion to dismiss the complaint and granted plaintiff's motion for summary judgment, modified, on the law, to deny plaintiff's motion for summary judgment, and otherwise affirmed, without costs.

Tomas Pastoriza, a carpenter employed by Yonkers Contracting Corporation and working on the restoration of the Henry Hudson Parkway, fell 41 feet on the jobsite at West 144th Street on May 13, 1982 and died the next day of injuries sustained in that fall. The plaintiff asserted decedent fell through an opening in the elevated highway and that his death was attributable to, *inter alia,* defendant's failure to supply him with safety belt, life lines, scaffolding or safety nets.

Plaintiff moved for summary judgment on the Labor Law §§ 240 and 241 claims. The motion was supported by an attorney's affirmation and an affidavit of decedent's co-worker, James Mulroy, who asserted he was an eyewitness to the fatal fall. Decedent was "kneeling down in front of an opening [forty inches by fifty-eight inches]. As Mr. Pastoriza adjusted the whaler for covering the opening, he bent over and fell through the opening to the road below". Further, Mulroy asserted decedent was not wearing a safety belt at the time of the accident, that none had been issued up until the day following the accident, and that then, for the first time, anchor poles for life lines were installed.

Plaintiff also relied upon a citation issued by the Occupational Safety and Health Administration on May 24, 1982 against decedent's employer, Yonkers Contracting Co., Inc., for failure to have employees wear appropriate protective equipment when exposed to hazardous conditions. However, the citation itself stated it did not constitute a violation and was subject to being contested, and that the citation was based upon inspections following the accident.

The State cross-moved to dismiss the claim pursuant to CPLR 3211 (a) (7) and 3212.

The Court of Claims correctly denied the State's cross motion for dismissal. It granted summary judgment, however, as to the Labor Law § 240 claim, finding that the affidavit of defendant's co-worker provided evidence of a violation of Labor Law § 240 and that such violation was a proximate cause of decedent's injuries. This was erroneous.

A party moving for summary judgment is obligated to prove through admissible evidence that she is entitled to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557). Where plaintiff fails to meet this burden, the motion should be denied even though the papers in opposition may be inadequate (*Yates v Dow Chem. Co.,* 68 AD2d 907).

Here, the assertions by Mulroy, in his short affidavit, as to the distribution of safety belts and installation of anchor poles the day *after* the accident constituted inadmissible evidence (Richardson, Evidence § 168 [10th ed]) and thus could not support a

motion for summary judgment. Without this, we are left with four or five sentences as to how the accident occurred, which provide woefully insufficient detail as to the work being performed by decedent at the time of the fall and which make it impossible to determine what devices were needed so "as to give proper protection to a person so employed" in the repair of this elevated highway (Labor Law § 240 [1]). The details of the work being performed and the circumstances of the accident are clearly relevant to the asserted need for safety belts, lines and nets, devices not specifically enumerated in the Labor Law (*see, Ryan v Morse Diesel,* 98 AD2d 615).

In addition, it appears that the defendant State, although having some time to investigate the accident through its contractor, had little or no opportunity to examine or depose eyewitnesses, including Mulroy, identified by plaintiff. Although not raised by defendant below, it should have the opportunity to depose Mulroy and any other witnesses (*see,* CPLR 3212 [f]). Concur — Carro, J. P., Asch, Bloom and Kassal, JJ. [123 Misc 2d 481.]