■ ERMELINDA ACOSTA, as Administratrix of the Estate of LUIS ACOSTA, Deceased, Respondent, v ALFREDO FUENTES et al., Doing Business as LA PERLA CUCHIFRITO, et al., Appellants.—Order, Supreme Court, New York County (Beverly S. Cohen, J.) dated September 24, 1991, which upon granting plaintiff's motion to reargue the prior order of the same court entered May 28, 1991, denied defendants' motion for summary judgment, unanimously affirmed, with costs.

Both the original summary judgment motion and defen-

dants' opposition to plaintiff's motion to reargue were submitted upon attorney affidavits, with no affidavits from persons having actual knowledge of the events. Parties moving for summary judgment are obligated to prove through admissible evidence that they are entitled to judgment as a matter of law *(Pastoriza v State of New York,* 108 AD2d 605, 606). Where the movant, as here, fails to meet this burden, the motion should be denied, regardless of the adequacy of the opposing papers *(Pastoriza v State of New York, supra).* In any event, plaintiff's submissions were sufficient to raise a triable issue of fact as to whether defendants breached their duty of care to the decedent, and if so, whether such breach was the proximate cause of the decedent's injury and ultimate death. While defendants may have had no obligation in the first instance to assist the decedent (Public Health Law § 1352-b), once they moved him outside the premises they had a duty to act with due care *(see, Parvi v City of Kingston,* 41 NY2d 553, 559; *Wolf v City of New York,* 39 NY2d 568, 573). Concur—Rosenberger, J. P., Wallach, Ross, Asch and Kassal, JJ. *[See,* 150 Misc 2d 1013.]