623 So.2d 561 (1993)
John Eugene CLARK and Lynn A. Clark, Appellants,
v.
Garry GOCHENAUR d/b/a Marianna Truss and Framing Systems, Appellee.
No. 93-126.
District Court of Appeal of Florida, First District.
August 16, 1993.
Rehearing Denied September 28, 1993.
Frank A. Baker of Baker and Swearingen, Marianna, for appellants.
Charles M. Wynn, Marianna, for appellee.
PER CURIAM.
The Clarks appeal an order granting summary judgment in favor of Garry Gochenaur d/b/a Marianna Truss and Framing Systems, Inc. Because a genuine issue of material fact remains, we reverse.
John Clark was employed by Frank Holley installing residential roof trusses manufactured by Gochenaur. In his deposition, Clark said he was standing on a truss that had already been secured with nails and was reaching for an unsecured truss when the secured truss he was standing on broke. He fell to the ground, clutching the unsecured truss, which landed on and injured him. Clark sued Gochenaur alleging the broken truss was defective or negligently designed and manufactured, which condition caused his fall and injury.
Gochenaur answered Clark's complaint, denying that the truss was defective or negligently designed or manufactured. Gochenaur moved for summary judgment, attaching his own affidavit and the affidavits of three lumber inspectors. In his own affidavit, Gochenaur averred that: he had in his possession a truss represented to him by Holley to be the truss Clark had been standing on; the truss in his possession was the unsecured truss referred to in Clark's and Holley's depositions as shown by the lack of nail markings in the truss; the truss in his possession was never secured; the truss was constructed according to code and would have supported Clark's weight had it been secured; the wood of which the truss was made met standards for residential roof trusses. The affidavits of the lumber inspectors averred the truss was not made of an inferior product and, according to one of the inspectors, had broken because stepped on when unsecured. *562 These affidavits noted the lack of nail markings. Gochenaur also attached to his motion a "Summary of Inspection Broken Truss" which indicated proper construction and, among other things, that no footprint tracks were observed on any part of the truss.
Clark did not file a response to the motion for summary judgment. The trial court granted the motion, finding that the motion and accompanying affidavits showed no disputed issue of law or fact.
Clark argues that a genuine issue of material fact exists in that there is conflicting evidence as to the identity of the truss on which Clark was standing when he fell, and Gochenaur's arguments in his motion for summary judgment depended on the assumption that the truss on which Clark was standing was unsecured. Gochenaur argues that Clark is unable to produce any evidence regarding the manufacture, design, or construction of a truss which may have caused his accident. Gochenaur further argues that if Clark does not acknowledge that the truss in Gochenaur's possession is the one he was standing on at the time of the accident, he has no evidence that any truss broke and caused his accident, thus he is unable to refute the uncontroverted facts as set forth in the motion for summary judgment.
"A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that no genuine issue of any material fact remains and that the moving party is entitled to a judgment as a matter of law." Byrd v. Snyder, 613 So.2d 944 (Fla. 2d DCA 1993); Fla.R.Civ P. 1.510(c). "[A] motion for summary judgment requires the court to view every possible inference in a light most favorable to the non-moving party," Department of Environmental Regulation v. C.P. Developers, Inc., 512 So.2d 258, 260 (Fla. 1st DCA 1987). Further, an opposing party has no burden to demonstrate issues of material fact remain to be tried unless the movant meets the considerable burden to conclusively show the absence of any such issue, Freeman v. Fleet Supply, Inc., 565 So.2d 870, 871 (Fla. 1st DCA 1990) citing Holl v. Talcott, 191 So.2d 40, 43 (Fla. 1966).
Based on our review of the record, we conclude that there remains a genuine issue as to the identity of the truss on which Clark was standing at the time of the accident, thus Gochenaur failed to meet his initial burden of conclusively showing the absence of any genuine issue of material fact, and summary judgment was improper. Clark's sworn deposition testimony was that he was standing on a secured truss which broke and caused his fall. The affidavits on file relate to a truss in Gochenaur's possession which apparently was unsecured as demonstrated by the lack of nail markings, and which, further, according to the "Summary of Inspection Broken Truss" on file, had no footprints on it, which raises a question whether anyone stood on it. Whether the truss from which Clark fell was secured or unsecured is a material fact in that Gochenaur himself maintains that a properly constructed secured truss would have supported Clark's weight.
The summary final judgment is reversed and remanded for further proceedings consistent with this opinion.
JOANOS, ALLEN and WOLF, JJ., concur.