[No. B088501. Second Dist., Div. Five. May 25, 1995.]

FSR BROKERAGE, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent:
MARITZA BLANCO et al., Real Parties in Interest.

**COUNSEL**

Gascou, Gemmill & Thornton, Bruce M. Thornton, Carlos V. Yguico, Dickson, Carlson & Campillo, Roxanne M. Wilson and Karen S. Bril for Petitioners.

No appearance for Respondent.

Fogel, Feldman, Ostrov, Ringler & Klevens, Larry R. Feldman, Lester G. Ostrov and Richard L. Rosett for Real Parties in Interest.

## OPINION

**TURNER, P. J.**—Defendants, FSR Brokerage, Inc., doing business as Fred Sands Realtors (Sands), Prichett Realty Corp. (Prichett), and Gary Marquis, seek a writ of mandate to compel the respondent court to enter summary judgment on consolidated personal injury and wrongful death complaints of 36 plaintiffs. The consolidated complaints were filed as a result of the collapse of a balcony on an oceanfront residence in Malibu on November 15, 1992. Based on the facts set forth in the parties' papers, the aforementioned defendants, realtors who were involved in the sale of the oceanfront residence where the tragic collapse occurred, are entitled to summary judgment because they owe no legal duty to any of the injured parties. Further, we conclude the trial court abused its discretion when it denied the motion pursuant to Code of Civil Procedure section 437c, subdivision (h)[1] so as to permit additional use of the discovery process.

The present case involves 29 consolidated actions. The earliest original complaint was filed on December 10, 1992. The last complaint was filed on October 28, 1993. On July 25, 1994, Sands moved for summary judgment. The evidence cited to in its separate statement indicated the following: on November 13, 1992, Sands had acted as the brokers for the seller of the beachfront residence where the collapse occurred; the property was sold by various sellers to Massoud Sarshar; none of the plaintiffs or their heirs were a seller, buyer, or prospective purchaser of the residence where the tragedy occurred; and no plaintiff or their heirs were in "contractual privity with [Sands] or any owner, seller, buyer, or prospective purchaser of the property." Prichett and Mr. Marquis filed a joinder in the Sands summary judgment motion. Although no separate statement was filed,[2] a declaration was submitted which indicated: Prichett and Mr. Marquis were also brokers in connection with the sale of the residence; none of the plaintiffs were a seller,

---

[1] Unless otherwise noted, all future statutory references are to the Code of Civil Procedure.

[2] The fact that a moving party has failed to file a separate statement is a grounds for denying a summary judgment motion. (§ 437c, subd. (b); *Blackman* v. *Burrows* (1987) 193 Cal.App.3d 889, 893-895 [238 Cal.Rptr. 642].) However, any issue concerning the failure to have filed a separate statement setting forth the evidence relied upon by Prichett and Mr. Marquis has been waived by the failure to have objected in the trial court. (*Coy* v. *County of Los Angeles* (1991) 235 Cal.App.3d 1077, 1084-1085, fn. 4 [1 Cal.Rptr.2d 215] [issue on appeal of

buyer, or prospective purchaser of the property; no plaintiff or heir had alleged he or she would receive any economic benefit from the sale of the property; and no plaintiff or heir was in contractual privity with Prichett or Mr. Marquis. None of the evidence presented by plaintiffs indicated they or the decedents had any contractual or other relationship with Sands, Prichett, or Mr. Marquis. Rather, all of the persons injured or killed were attending the party at residence when the balcony fell—they had no contact with the brokers, Sands, Prichett, or Mr. Marquis.

Plaintiffs opposed the summary judgment motion and joinder on two grounds. To begin with, plaintiffs argued that a duty existed on the part of Sands, Prichett, and Mr. Marqui. to the partygoers to advise the purchaser of the premises of the defective beam. However, no evidence was presented by plaintiffs to controvert the factual showings made by defendants. Second, they argued the motion was premature pursuant to section 437c, subdivision (h).

The respondent court denied the summary judgment motion. The respondent court found there was a triable issue as to whether Sands, Prichett, and Mr. Marquis should have known that Mr. Sarshar, the prospective purchaser, would have a party on the premises where guests would congregate on the defective balcony in such numbers it would fall. Also, the respondent court concluded that the motion was premature because further discovery proceedings were necessitated. In their writ petitions, Sands, Prichett, and Marquis argue they owed no duty to the injured partygoers and the summary judgment motions were not premature. We review the respondent court's determination on the merits of the duty issue de novo. (*Daniels* v. *DeSimone* (1993) 13 Cal.App.4th 600, 606-607 [16 Cal.Rptr.2d 615]; *Wilson* v. *Blue Cross of So. California* (1990) 222 Cal.App.3d 660, 670 [271 Cal.Rptr. 876].) Further, Sands, Prichett, and Mr. Marquis contend that the respondent court erroneously determined the motion was premature pursuant to section 437c, subdivision (h). We review the determination as to whether the summary judgment motions should have been denied because they were premature in that discovery proceedings should have been permitted to be commenced, utilizing the abuse of discretion standard. (*People* ex rel. *Dept. of Transportation* v. *Outdoor Media Group* (1993) 13 Cal.App.4th 1067, 1077 [17 Cal.Rptr.2d 19]; *Hoffman* v. *Sports Car Club of America* (1986) 180 Cal.App.3d 119, 127 [225 Cal.Rptr. 359].) Utilizing the applicable standards of review, we respectfully disagree with the respondents court's determinations on the merits and whether the motions should have been denied so as to allow the use of discovery tools. We therefore direct that summary judgment be entered.

whether evidence not in a moving party's separate statement waived by failure to object]; § 437c, subd. (b); Stats. 1990, ch. 1561.)

■ As to the first basis for the respondent court's ruling, viz., there was a triable issue as to whether Sands, Prichett, and Mr. Marquis knew or should have known of the defects in the balcony, we disagree that such an issue is a basis for denying summary judgment. Rather, because Sands, Prichett, and Mr. Marquis owed no duty to the partygoers with whom no broker-customer relationship existed, summary judgment was warranted. (Civ. Code, § 2079[3]; *Lincoln Alameda Creek* v. *Cooper Industries, Inc.* (N.D.Cal. 1992) 829 F.Supp. 325, 328-329; see *Bily* v. *Arthur Young & Co.* (1992) 3 Cal.4th 370, 392-393, 396-397 [11 Cal.Rptr.2d 51, 834 P.2d 745]; *Smith* v. *Rickard* (1988) 205 Cal.App.3d 1354, 1360 [254 Cal.Rptr. 633].) As suppliers of information in a commercial context, the duty of Sands, Prichett, and Mr. Marquis only extended to " 'intended beneficiaries' " of the brokers' advice. (*Bily* v. *Arthur Young & Co., supra*, 3 Cal.4th at p. 410.) In *Bily*, our Supreme Court noted, in a case involving accountant liability and negligent misrepresentation, that a duty existed only to a group of individuals to which representations were made " 'with the intent to induce plaintiff, or a particular class of persons to which plaintiff belongs, to act in reliance upon the representation in a specific transaction, or a specific type of transaction, that defendant intended to influence.' " (*Id.* at p. 414.) In the present case, plaintiffs allege the brokers negligently failed to supply information to the purchaser of the premises concerning defects in the balcony. However, plaintiffs were all partygoers on the premises who had no relationship with the brokers. Plaintiffs cannot be classified as intended beneficiaries of the purportedly defective information supplied by defendants. The foregoing showing made by defendants in connection with defendants' summary judgment motion, was sufficient to shift the burden of proof to plaintiffs. (§ 437c, subd. (o)(2); *Union Bank* v. *Superior Court* (1995) 31 Cal.App.4th 573, 590 [37 Cal.Rptr.2d 653]; *Jambazian* v. *Borden* (1994) 25 Cal.App.4th 836, 846 [30 Cal.Rptr.2d 768].)[4] Plaintiffs presented no evidence they were intended beneficiaries of the allegedly negligently supplied information

---

[3]At oral argument, plaintiffs' counsel argues that Civil Code section 2079 is inapplicable to Prichett and Mr. Marquis. Plaintiffs' counsel reasons that since Prichett and Mr. Marquis represented the seller of the beachfront property, any alleged protections provided to a broker by Civil Code section 2079 are inapplicable to theses two defendants. We do not address this issue. Rather, for the reasons set forth in the body of this opinion, we conclude since the injured parties were not intended beneficiaries of any representations made by Prichett and Mr. Marquis, there was no potential liability on these defendants' part for the balcony collapse.

[4]Insofar as Sands, Prichett, and Mr. Marquis are contending that, as the moving parties they had no burden of proof, their contentions are without merit. The express language of section 437c, subdivision (o)(2) states that a moving defendant meets "his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established . . . ." The summary judgment statute continues, "Once the defendant . . . *has met that burden*, the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto." (Italics added.) Prior to the 1992 and 1993 amendments

concerning the defect. Hence, because plaintiffs failed to sustain their burden of proof imposed upon them given the evidentiary showing of Sands,

---

to section 437c (see *Union Bank* v. *Superior Court, supra*, 31 Cal.App.4th at pp. 583-587), it was a well-established rule that unless the moving party meets its burden, summary judgment could not be ordered, even though the opposing party has not responded sufficiently or at all. Stated differently, there was no obligation on the opposing party to show that a triable issue of material fact existed unless and until the moving party had met its burden. (*Vesely* v. *Sager* (1971) 5 Cal.3d 153, 169-170 [95 Cal.Rptr. 623, 486 P.2d 151], superseded by statute on another point, see *Strang* v. *Cabrol* (1984) 37 Cal.3d 720, 724-725 [209 Cal.Rptr. 347, 691 P.2d 1013]; *Rowland* v. *Christian* (1968) 69 Cal.2d 108, 111 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]; *Wright* v. *Fireman's Fund Ins. Companies* (1992) 11 Cal.App.4th 998, 1011-1012 [14 Cal.Rptr.2d 588]; *Chevron U.S.A., Inc.* v. *Superior Court* (1992) 4 Cal.App.4th 544, 548 [5 Cal.Rptr.2d 674]; *Hufft* v. *Horowitz* (1992) 4 Cal.App.4th 8, 13 [5 Cal.Rptr.2d 377]; *Preis* v. *American Indemnity Co.* (1990) 220 Cal.App.3d 752, 757 [269 Cal.Rptr. 617]; *Twain Harte Associates, Ltd.* v. *County of Tuolumne* (1990) 217 Cal.App.3d 71, 79-80 [265 Cal.Rptr. 737]; *Kerr* v. *Rose* (1990) 216 Cal.App.3d 1551, 1560-1561 [265 Cal.Rptr. 597]; *Brunelle* v. *Signore* (1989) 215 Cal.App.3d 122, 127 [263 Cal.Rptr. 415]; *Niederer* v. *Ferreira* (1987) 189 Cal.App.3d 1485, 1498 [234 Cal.Rptr. 779]; *McKnight* v. *Faber* (1986) 185 Cal.App.3d 639, 645 [230 Cal.Rptr. 57], overruled on another point in *Silberg* v. *Anderson* (1990) 50 Cal.3d 205, 212 [266 Cal.Rptr. 638, 786 P.2d 365]; *Nazar* v. *Rodeffer* (1986) 184 Cal.App.3d 546, 552 [229 Cal.Rptr. 209], abrogated on another point in *Ornelas* v. *Randolph* (1992) 4 Cal.4th 1095, 1103 [17 Cal.Rptr.2d 594, 847 P.2d 560]; *Clendening* v. *Shipton* (1983) 149 Cal.App.3d 191, 195-196 [196 Cal.Rptr. 654]; *Orange County Foundation* v. *Irvine Co.* (1983) 139 Cal.App.3d 195, 199-200 [188 Cal.Rptr. 552]; *Miles Laboratories, Inc.* v. *Superior Court* (1982) 133 Cal.App.3d 587, 593 [184 Cal.Rptr. 98]; *Harman* v. *Mono General Hospital* (1982) 131 Cal.App.3d 607, 613 [182 Cal.Rptr. 570]; *Conn* v. *National Can Corp.* (1981) 124 Cal.App.3d 630, 639 [177 Cal.Rptr. 445]; *O'Shea* v. *Claude C. Wood Co.* (1979) 97 Cal.App.3d 903, 911-912 [159 Cal.Rptr. 125], abrogated by statute on another point, see *Hubbard* v. *Brown* (1990) 50 Cal.3d 189, 194-195 [266 Cal.Rptr. 491, 785 P.2d 1183]; *Tresemer* v. *Barke* (1978) 86 Cal.App.3d 656, 662-663 [150 Cal.Rptr. 384, 12 A.L.R.4th 27]; *Beech Aircraft Corp.* v. *Superior Court* (1976) 61 Cal.App.3d 501, 519-520 [132 Cal.Rptr. 541]; *Kelleher* v. *Empresa Hondurena de Vapores, S.A.* (1976) 57 Cal.App.3d 52, 58 [129 Cal.Rptr. 32]; *Dugar* v. *Happy Tiger Records, Inc.* (1974) 41 Cal.App.3d 811, 818 [116 Cal.Rptr. 412]; *Concerned Citizens of Palm Desert, Inc.* v. *Board of Supervisors* (1974) 38 Cal.App.3d 257, 270-271 [113 Cal.Rptr. 328]; *Residents of Beverly Glen, Inc.* v. *City of Los Angeles* (1973) 34 Cal.App.3d 117, 127 [109 Cal.Rptr. 724]; *Barker* v. *Wah Low* (1971) 19 Cal.App.3d 710, 713 [97 Cal.Rptr. 85]; *Swaffield* v. *Universal Ecsco Corp.* (1969) 271 Cal.App.2d 147, 171 [76 Cal.Rptr. 680]; *de Echeguren* v. *de Echeguren* (1962) 210 Cal.App.2d 141, 147 [26 Cal.Rptr. 562]; *Taliaferro* v. *Taliaferro* (1960) 179 Cal.App.2d 787, 791 [4 Cal.Rptr. 689]; *Southern Pacific Co.* v. *Fish* (1958) 166 Cal.App.2d 353, 365-366 [333 P.2d 133]; see Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial 3 (The Rutter Group 1994) ¶ 10:225, p. 10-62.) This is also the law in the federal courts under rule 56 of the Federal Rules of Civil Procedure (28 U.S.C.). (*Lopez* v. *Corporación Azucarera de Puerto Rico* (1st Cir. 1991) 938 F.2d 1510, 1517; *Stepanischen* v. *Merchants Despatch Transp. Corp.* (1st Cir. 1983) 722 F.2d 922, 929; *Capital Imaging* v. *Mohawk Valley Medical Assoc.* (2d Cir. 1993) 996 F.2d 537, 542; *National State Bank* v. *Federal Reserve Bank* (3d Cir. 1992) 979 F.2d 1579, 1582; *Custer* v. *Pan American Life Ins. Co.* (4th Cir. 1993) 12 F.3d 410, 416; *Russ* v. *International Paper Co.* (5th Cir. 1991) 943 F.2d 589, 592; *International Shortstop, Inc.* v. *Rally's, Inc.* (5th Cir. 1991) 939 F.2d 1257, 1264; *Wilson* v. *City of Zanesville* (6th Cir. 1992) 954 F.2d 349, 351; *Carver* v. *Bunch* (6th Cir. 1991) 946 F.2d 451, 454-455; *Cooper* v. *Lane* (7th Cir. 1992) 969 F.2d 368, 371; *Big O Tire Dealers, Inc.* v. *Big O Warehouse* (7th Cir.

Prichett, and Mr. Marquis and pursuant to section 437c, subdivision (o), the respondent court had a duty to grant the summary judgment motion. ■ Additionally, the respondent court denied the motion because it was premature pursuant to section 437c, subdivision (h). The declaration relied upon by plaintiffs indicated that: plaintiffs needed additional time "to conduct discovery"; the property had been inspected by Sands, Prichett, and Mr. Marquis; a structural engineer had warned the brokers of defects in the steel beams under the balcony; there were issues of agency and constructive knowledge that needed "to be fleshed out and determined through the various discovery tools available"; the case was "only in the infancy of discovery"; a "variety of interrogatories and documents requests [had] been propounded"; no depositions had been taken; and defendants were seeking to use summary judgment "as a means to escape liability at an extremely early stage of [the] litigation." However, the foregoing declaration was insufficient to prove, pursuant to section 437c, subdivision (h), "that facts essential to justify opposition may exist but cannot . . . then be presented . . . ." None of the facts which purportedly would be the subject of future discovery

1984) 741 F.2d 160, 163; *Cambee's Furniture. v. Doughboy Recreational, Inc.* (8th Cir. 1987) 825 F.2d 167, 174; *Anderson v. Roberts* (8th Cir. 1987) 823 F.2d 235, 238; *Houghton v. South* (9th Cir. 1992) 965 F.2d 1532, 1536-1537; *Fitzpatrick v. City of Atlanta* (11th Cir. 1993) 2 F.3d 1112, 1116; *McKinney v. Dole* (D.C. Cir. 1985) 765 F.2d 1129, 1135 [246 App.D.C. 376].) The rule that the moving party is not entitled to a summary judgment unless and until it meets its burden, regardless whether the opposing party responds, is also recognized under many state statutes. (*Logan v. Buettner* (Ala. 1977) 342 So.2d 352, 354; *Wolner v. Bogaev* (1986) 290 Ark. 299 [718 S.W.2d 942, 944]; *Pioneer Finance Co. v. Lane* (1973) 290 Ark. 299 [502 S.W.2d 624, 626]; *Hurtt v. Goleburn* (Del. 1974) 330 A.2d 134, 135; *Holl v. Talcott* (Fla. 1966) 191 So.2d 40, 43; *Clark v. Gochenaur* (Fla.Dist.Ct.App. 1993) 623 So.2d 561, 562; *Farris v. Sneed* (1978) 144 Ga.App. 488 [241 S.E.2d 605, 607; *Southern Protective Prod. v. Leasing Intern., Inc.* (1975) 134 Ga.App. 945 [216 S.E.2d 725, 727]; *McCoy v. Lyons* (1991) 120 Idaho 765 [820 P.2d 360, 366]; *Rogers v. R.J. Reynolds Tobacco Co.* (Ind.Ct.App. 1990) 557 N.E.2d 1045, 1049-1050; *Barnett v. Staats* (La.Ct.App. 1994) 631 So.2d 84, 87; *Chargois v. Trip-L-Quik* (La.Ct.App. 1983) 441 So.2d 45-47; *Brinkman & Lenon v. P&D Land Enterprises* (1994) 263 Mont. 238 [867 P.2d 1112, 1115]; *Minnie v. City of Roundup* (1993) 257 Mont. 429 [849 P.2d 212, 215]; *Weeks v. North Carolina NRCD* (1990) 97 N.C.App. 215 [388 S.E.2d 228, 233]; *Lowe v. Bradford* (1982) 305 N.C.366 [289 S.E.2d 363, 366]; *Winkjer v. Herr* (N.D. 1979) 277 N.W.2d 579, 583; *Acosta v. Fuentes* (1992) 183 A.D.2d 483 [585 N.Y.S.2d 1016]; *Pastoriza v. State* (1985) 108 A.D.2d 605 [484 N.Y.S.2d 832, 834]; *Burton v. Ertel* (1985) 107 A.D.2d 909 [483 N.Y.S.2d 854, 855]; *Garcia v. Savage* (1991) 402 Pa.Super. 324 [586 A.2d 1375, 1377]; *City of Houston v. Clear Creek Basin Authority* (Tex. 1979) 589 S.W.2d 671, 678; *Hubert v. Illinois State Asst. Com'n.* (Tex.Ct.App. 1994) 867 S.W.2d 160, 162]; *Young v. Key Pharmaceuticals, Inc.* (1989) 112 Wn.2d 216 [770 P.2d 182, 192]; *Jacobsen v. State* (1977) 89 Wn.2d 104 [569 P.2d 1152, 1155]; *Vassos v. Roussalis* (Wyo. 1981) 625 P.2d 768, 773, 774 [conc. opn.].) Nothing in the language of section 437c or the legislative history of the 1992 and 1993 amendments to the summary judgment law demonstrates this well-established and nationally adhered to rule of law has been abrogated. The key point in this case is that Sands, Prichett, and Mr. Marquis met their burdens of proof as mandated by section 437c, subdivision (o)(2). Once the burden of proof shifted, plaintiffs failed to "show that a triable issue of one or more material facts exists as to th[eir] cause[s] of action . . . ." (§ 437c, subd. (o)(2).)

related to the issue of whether a duty existed. None of the discovery would relate to any relationship between plaintiffs and the brokers. Further, there was no reasonable basis for concluding that the facts essential to justify opposition could not be presented. The oldest of the consolidated actions was filed on December 10, 1992. The summary judgment motion was heard in the present case on October 14, 1994. There was an abundance of time between December 10, 1992, and the summary judgment hearing date in which to secure evidence pertinent to the duty issue. The newest lawsuit was filed on October 28, 1993, 11 months and 2 weeks prior to the summary judgment motion hearing. As in connection with the first case filed, the last case is one in which some discovery devices could have been propounded. Accordingly, none of the facts which plaintiffs' counsel stated in his declaration could be the subject of future utilization of discovery tools related to the duty issue. Further, more than adequate time existed in order to secure discovery responses. Moreover, there was no justification for the failure to have commenced the use of appropriate discovery tools at an earlier date. Hence, denial of the summary judgment motion pursuant to section 437c, subdivision (h) was not warranted. (*A & B Painting & Drywall, Inc.* v. *Superior Court* (1994) 25 Cal.App.4th 349, 356-357 [30 Cal.Rptr.2d 418]; *Wachs* v. *Curry* (1993) 13 Cal.App.4th 616, 622-624 [16 Cal.Rptr.2d 496]; *Spitler* v. *Children's Institute International* (1992) 11 Cal.App.4th 432, 442 [14 Cal.Rptr.2d 197].)

A peremptory writ is to issue directing the respondent court to set aside its minute order filed October 15, 1994, and the formal order filed on November 7, 1994, and issue a new order granting the summary judgment motion and the joinder. Defendants, FSR Brokerage, Inc., doing business as Fred Sands Realtors, Prichett Realty Corp. and Gary Marquis, shall recover their costs incurred in connection with the present extraordinary writ proceedings jointly and severally from plaintiffs.

Armstrong, J., and Godoy Perez, J., concurred.