■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FATIMA TURNER, Appellant. [672 NYS2d 737] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered May 29, 1996, convicting defendant, after a jury trial, of two counts of assault in the second degree and one count of endangering the welfare of a child, and sentencing her to two concurrent prison terms of from 1½ to 4½ years, concurrent with a prison term of 1 year, unanimously affirmed.

· The verdict was not against the weight of the evidence. We see no reason to disturb the jury's evaluation of conflicting expert testimony. There was ample evidence from which defendant's intent to cause serious physical injury could be inferred, including defendant's own statements.

We perceive no abuse of sentencing discretion. Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.

■ AFA PROTECTIVE SYSTEMS, INC., Respondent, v KAUFMAN EIGHTH AVENUE ASSOCIATES et al., Appellants. [672 NYS2d 738] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about June 9, 1997, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the first, second and third and fifth causes of action alleged in plaintiff's complaint, unanimously affirmed, without costs.

The only issue presented on this appeal, as framed by the pleadings and papers submitted in relation to the motion for summary judgment, is whether, during the applicable six-year limitations period, defendants calculated electrical charges in accordance with the "base rate [established] as of the date of [the] lease" pursuant to paragraph 48 of the subject 1983 renewal lease. We agree with the motion court that defendants failed to demonstrate their entitlement to judgment in their favor as a matter of law with respect to this issue, and, accordingly, that defendant's motion in this respect had to be denied (CPLR 3212 [b]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067), notwithstanding any failure by plaintiff to "lay bare" its proof in opposition to the motion (*Pastoriza v State of New York*, 108 AD2d 605, 606). Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.